UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-61308-CIV-COHN/SELTZER

FRESH QUEST, INC., a Florida
corporation,

       Plaintiff,

v.

GROWERS MARKETING SERVICE,
INC., a Florida corporation, and
ESTATE OF WILLIAM R. WARD, JR.,

       Defendants.
_____/

## ORDER GRANTING IN PART PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES AND COSTS

**THIS CAUSE** is before the Court on Plaintiff's Verified Motion for Attorney's Fees and Costs [DE 16]. The Court has considered the Motion, the attachments thereto, the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

On August 15, 2008, Plaintiff filed the Complaint [DE 1] against Defendants pursuant to the Perishable Agricultural Commodities Act ("PACA"). The Complaint was served on Defendant Growers Marketing Service, Inc. ("Growers Marketing") on October 2, 2008. Growers Marketing failed to respond to the Complaint and a Clerk's Default [DE 8] was entered against Growers Marketing on December 9, 2008. On December 24, 2008, Plaintiff filed its Motion for Entry of Default Final Judgment Against Defendant, Growers Marketing Service, Inc. [DE 9]. On January 21, 2009, the Court granted the Motion and entered a Final Default Judgment [DE 13] in favor of Plaintiff

and against Growers Marketing. On February 20, 2009, Plaintiff filed the instant Motion seeking $10,109.75 in attorney's fees and $2,090.03 in costs.

## II. ATTORNEY'S FEES

### A. Entitlement to Fees

Pursuant to 7 U.S.C. § 499g(b), PACA contains a provision regarding attorney's fees and costs which provides:

> Such suit in the district court shall proceed in all respects like other civil suits for damages, except that the findings and orders of the Secretary shall be prima-facie evidence of the facts therein stated, and the petitioner shall not be liable for costs in the district court, nor for costs at any subsequent state of the proceedings, unless they accrue upon his appeal. If the petitioner finally prevails, he shall be allowed a reasonable attorney's fee, to be taxed and collected as a part of the costs of the suit.

7 U.S.C. § 499g(b).

### B. Calculation of Attorney's Fees

A reasonable award for attorney's fees is calculated using the lodestar method, which requires the Court to multiply the reasonable hours expended by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988); Cuban Museum of Arts & Culture, Inc. v. City of Miami, 771 F. Supp. 1190, 1191 (S.D. Fla. 1991). The fee applicant bears the burden of establishing entitlement to the award and documenting the appropriate hours and hourly rates. ACLU v. Barnes, 168 F.3d 423 (11th Cir. 1999). In determining what is a "reasonable" hourly rate and what number of compensable hours is "reasonable," a court may consider the 12 factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). See Farley v.

2

Nationwide Mut. Ins. Co., 197 F.3d 1322, 1340 (11th Cir. 1999).[1] In addition, a district court is "empowered to exercise discretion in determining whether an award is to be made and if so its reasonableness." Cullens v. Georgia Dept. of Transp., 29 F.3d 1489, 1492-93 (11th Cir. 1994).

### 1. *Reasonable Hourly Rate*

The first step in calculating the lodestar amount involves determining the reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services, by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Id. Satisfactory evidence is at a minimum more than the affidavit of the attorney performing the work and can involve direct evidence of charges by lawyers under similar circumstances or opinion evidence. Id.

Plaintiff retained the firm of Carey Rodriguez Greenberg & Paul, LLC ("CRGP") as counsel in this action. The Affidavit of Barbara S. Nolan, Esq. [DE 16-3] ("Nolan Affidavit") identifies the billing rates for the attorneys and legal assistants that worked on this matter as follows: Juan J. Rodriguez at $385 per hour; Barbara S. Nolan at $235 per hour; Alison Cammack at $235 per hour; Johana Lleo at $100 per hours; and

---

[1] Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-719.

Elizabeth Calderon at $60 per hour. (Nolan Affidavit ¶ 5.) In addition, Plaintiff submitted the Affidavit of Mark A. Romance ("Romance Affidavit"), which states that the hourly rates charged by CRGP "were reasonable and well within the standards of the legal community in Miami, Florida." (Romance Affidavit ¶ 4.) The Romance Affidavit also states that Mr. Romance is familiar with the fees charged by attorneys practicing in the Southern District of Florida. (See id. ¶ 2.) The materials submitted by Plaintiff do not include the experience and qualifications of the individuals who worked on the matter to enable the Court to make an independent evaluation of the reasonableness of the rates charged.

### 2. *Reasonable Number of Hours Expended on Litigation*

The Motion seeks reimbursement for 75.25 hours expended by attorneys and 5.25 hours expended by paralegals. As noted above, a district court must determine whether the hours expended are reasonable. Again, a fee applicant bears the burden of documenting the appropriate hours expended so that the Court may properly assess the time claimed for each activity. See Hensley, 461 U.S. at 433; Norman, 836 F.2d at 1301. Excessive, redundant or otherwise unnecessary hours should not be included in the calculation. See Barnes, 168 F.3d at 427.

The Romance Affidavit states that the "hours expended by [CRGP] in connection with the case were reasonable." (Romance Affidavit ¶ 4.) The Court, however, finds that the 64.5 hours spent on this matter by Ms. Nolan are excessive. There is an additional problem with Plaintiff's Motion. The Nolan Affidavit states that Ms. Nolan worked 64.5 hours at a rate of $235 per hour. Therefore, Ms. Nolan's fees alone would total $15,157.50, which is more than the $10,109.75 sought by the Motion. The Motion

fails to explain how the amount of fees sought is discounted from the amount of fees actually incurred. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensley, 461 U.S. at 433; accord Powell v. Carey Intern., Inc., 547 F.Supp.2d 1281, 1294 (S.D. Fla. 2008).

The Court has recently dealt with motions for attorney's fees in cases where the defendants did not file an answer or otherwise respond to the complaint. See Parness v. Piazza Benvenuto Ristorante, Pizzeria and Market, Inc., 2009 WL 1117362 (S.D. Fla. Apr. 24, 2009) (awarding $4,865 in attorney's fees); Weis-Buy Farms, Inc. v. Battaglia, Case No. 08-cv-60788-JIC, DE 14 (S.D. Fla. Feb. 13, 2009) (awarding $10,944 in attorney's fees). The Battaglia case is particularly instructive because that case was also brought pursuant to PACA for the defendant's failure to pay invoices. In Battaglia, Plaintiff's counsel sought to be reimbursed for 28.8 hours to bring the case to a final default judgment and presented evidence showing that the total amount of time expended on the case was increased by several attempts to settle which ultimately proved unsuccessful. The Romance affidavit states that, in addition to the involvement of PACA, the hours expended on this case were increased due to the fact that one of the Defendants is an estate. (Romance Affidavit ¶ 5.) After considering the record in this case and the materials submitted with Plaintiff's Motion in light of the factors listed in Johnson, the Court finds that $9,000 in fees is a reasonable award.

### III. COSTS

In addition to attorney's fees, the Motion seeks to recover a total of $2,090.03 in costs. The Motion does not itemize these costs. Instead, Plaintiff relies on the Court to sift through CRGP's billing records to identify the costs that purportedly add up to

5

$2,090.03. After reviewing the records submitted by Plaintiff, it appears that the majority of these costs are comprised of "Westlaw Research" charges and courier fees. Plaintiff also filed a Bill of Costs [DE 18], which identifies $495 in costs for the filing fee ($350) and service of process ($145). In addition, Plaintiff seeks reimbursement for the $937.50 charged by Mr. Romance to opine on the reasonableness of the hours expended and rates charged by CRGP.

The Supreme Court has held that in awarding costs, courts may not exceed those costs available in 28 U.S.C. § 1920 absent explicit contrary authorization in the applicable statute. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). The Eleventh Circuit has read this to require that cost awards under statutes such as the Fair Labor Standards Act, which contains similar language regarding costs as PACA, to be limited to the costs enumerated in § 1920. Glenn v. Gen. Motors Corp., 841 F.2d 1567, 1575 (11th Cir. 1988) (denying expert witness fees under 29 U.S.C. § 216(b) and noting that nothing suggested that Congress intended "costs" in § 216(b) to include anything more than the costs listed in § 1920). Reimbursable costs under § 1920 include:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Under this framework, district courts in the Eleventh Circuit have

held that expert witness fees and courier fees are not recoverable. Bartle v. RX Options, Inc., 2009 WL 1035251, *3 (S.D. Fla. Apr. 16, 2009) ("This Court has held that a party may not recover costs for express mail, facsimile transmissions, travel expenses and expert witness fees."); Moore v. Appliance Direct, Inc., 2009 WL 909271, *4 (M.D. Fla. Apr. 1, 2009) ("Neither 29 U.S.C. § 216(b) or 28 U.S.C. § 1920 provide a basis for Plaintiffs to recover fees paid to non-testifying expert witnesses."). The Court also finds that "Westlaw Research" fees do not fall within the costs identified in § 1920. Therefore, the Court will limit the award to the items listed on Plaintiff's Bill of Costs and will award Plaintiff $495 in costs.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Verified Motion for Attorney's Fees and Costs [DE 16] is hereby **GRANTED IN PART**. Plaintiff is awarded a total amount of $9,495 for attorney's fees and costs, which includes attorney's fees in the amount of $9,000 and costs in the amount of $495. A Judgment awarding these fees and costs will be entered by separate Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on this 5th day of May, 2009.

/s/ James I. Cohn
JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of record via CM/ECF

Growers Marketing Service, Inc.
2390 Brandon Rd
Lakeland, FL 33803